UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/13/2020__
```

NIKOLAY LEVINSON,

                     Plaintiff,

        -against-

FEDERAL BUREAU OF PRISONS
METROPOLITAN CORRECTIONS CENTER
– NY WARDEN,

                  Defendant.

1:20-CV-7375 (VEC)

ORDER TO AMEND

VALERIE CAPRONI, United States District Judge:

Plaintiff, who is currently held in the Bergen County Jail, in Hackensack, New Jersey, brings this *pro se* action seeking damages. He has sued the Warden of the federal Metropolitan Correctional Center in New York, New York ("MCC New York"), and asserts that his federal constitutional rights have been violated. The Court understands Plaintiff's claims for damages to have been brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, possibly, under the Federal Tort Claims Act.

Plaintiff has paid the relevant fees to bring this action. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court

must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff makes the following allegations: On May 17, 2019, while Plaintiff was held in MCC New York, he slipped on wet stairs, fell, and injured his right foot. There was no "caution sign" posted near the wet stairs where he slipped and fell. Plaintiff was unable to seek treatment

immediately after he was injured because of a lockdown, apparently due to "a melee on the tier." (ECF 1, at 4.) A few days later, Plaintiff spoke to a counselor, who made a report of the injury and sent Plaintiff to the prison's medical department. Mandeep Singh, an MCC New York health-care provider, also made a report and scheduled an X-ray examination. But when Plaintiff went for the X-ray examination, the technician told him that the X-ray machine was broken. "Instead of taking [Plaintiff] to the hospital, Singh sent [him] back" to his prison housing unit. (*Id.*)

On June 20, 2019, more than a month later, Plaintiff was summoned for an X-ray examination; he was diagnosed with a "non-displaced fracture at the base of the 5th metatarsal bone, soft tissue swelling, [and] metatarsus primus varus." (*Id.*) He was provided with a boot cast that he had to wear for three months. After those three months, he attended physical therapy. But "[b]ecause of the delay in X-ray, [his] right foot healed with a lump, it still hurts to walk[,] [and] it took much longer to heal." (*Id.*) MCC New York Physician's Assistant Kang "saw the delay in X-ray[;] she was supposed to take [Plaintiff] to an orthopedic surgeon but that never happened." (*Id.*)

On an unspecified date, Plaintiff "filed a claim" with the Bureau of Prisons, but it was denied. (*Id.*) He then filed "a reconsideration request" on February 10, 2020, but he has "not heard a response ever since." (*Id.* at 4-5.)

Plaintiff is "requesting compensation for negligence (indifference to inmate safety) and delay in medical care." (*Id.* at 5.)

### DISCUSSION

**A.    Claims under *Bivens***

To state a claim under *Bivens* against an individual federal officer or employee, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Thomas v. Ashcroft*, 470 F.3d 491, 496-97 (2d Cir. 2006). An

individual defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 552 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Under *Bivens*, an individual can be personally involved in a constitutional violation if the individual:

> (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring.

*Thomas*, 470 F.3d at 496-97.[1]

Plaintiff names the Warden of MCC New York as a defendant, but he alleges no facts showing how the Warden was personally involved with any of the alleged violations of his federal constitutional rights. He mentions other individuals who were personally involved with the alleged violations, but he does not name them as defendants. The Court therefore grants Plaintiff leave to file an amended complaint in which he names as defendants those individual federal officers or employees who were personally involved in the violations of his federal constitutional rights and alleges facts showing those individuals' personal involvement in the constitutional violations.

**B.    Claims under the Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, allows a plaintiff to assert claims under tort law for damages arising from the conduct of federal officers

---

[1] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013); *McIntosh v. United States*, No. 14-CV-7889, 2016 WL 1274585, at *14 (S.D.N.Y. Mar. 31, 2016).

or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The proper defendant for a claim under the FTCA is the United States of America. *See* 28 U.S.C. § 2675(a); *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff appears to assert tort claims of medical malpractice or negligence under the FTCA arising from federal officials' actions or omissions during his incarceration in MCC New York, a federal prison. But he has not named the United States of America as a defendant. It is also unclear from the allegations in Plaintiff's complaint whether he has exhausted the appropriate administrative remedies before asserting those claims. The Court therefore grants Plaintiff leave to file an amended complaint in which he asserts claims under the FTCA, names the United States of America as a defendant, and alleges facts showing that he has exhausted the appropriate administrative remedies to assert those claims.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-7375 (VEC). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's claims under *Bivens* for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), and his claims under the FTCA for lack of subject-matter jurisdiction, *see* Fed. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 13, 2020
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been
assigned)

-against-

**COMPLAINT**
(Prisoner)

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City              State              Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 2:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 3:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

Defendant 4:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                        Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____