UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| NIKOLAY LEVINSON, | |
|---|---|
| Plaintiff, | 1:20-CV-7375 (VEC) (KHP) |
| -against- | ORDER OF SERVICE |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, METROPOLITAN CORRECTIONS CENTER – NEW YORK, MANDEEP SINGH, YOON KANG, AND CORRECTIONAL OFFICER TORRES, | |
| Defendants. | |

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:_____ DATE FILED: 7/9/2021

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff, who is proceeding pro se, paid the relevant fees to commence this action. Plaintiff filed an Amended Complaint in this action naming the United States of America, the Federal Bureau of Prisons, the Metropolitan Corrections Center – New York, Mandeep Singh, Yoon Kang, and Correctional Officer Torres as Defendants.  (*See* ECF Nos. 4, 5, 10.)  On January 29, 2021, the Honorable Valerie E. Caproni ordered the Clerk of Court to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.  (ECF No. 10.)

The Court is authorized, at plaintiff's request, to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  Here, the Court previously ordered Plaintiff to effect service on Defendants.  (ECF No. 5.)  Plaintiff's attempt at service by a private process server was unsuccessful, however, as the Metropolitan Corrections Center does not permit non-law enforcement personnel to effect service on premises. (*See* ECF No. 9.)  Therefore, the Court found that service by the U.S. Marshals Service would be appropriate in this case.  (ECF No. 10.)

On July 8, 2021, counsel for the Government filed a letter on ECF informing the Court that the Marshals Service never effectuated service pursuant to the Court's prior Orders of Service due to a "data entry error by a former employee." (ECF No. 28.) In any event, it appears that another Order of Service is now required in order for this case to continue.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, due to Plaintiff's good-faith attempts to serve Defendants and the clerical errors that led to the delay in service, the Court hereby extends the time to serve until 90 days after the date of this Order. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**To allow Plaintiff to effect service on Defendants the United States of America, the Federal Bureau of Prisons, the Metropolitan Corrections Center – New York, Mandeep Singh, Yoon Kang, and Correctional Officer Torres through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.**

**The Clerk of Court is directed to mail a copy of this order to Plaintiff and mail a copy of this order and the Amended Complaint to the Civil Division of the United States Attorney's Office 86 Chambers Street 3rd Floor, New York, NY 10007.**

Dated: July 9, 2021
      New York, New York

SO ORDERED.

_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**