USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKOLAY LEVINSON,<br><br>    Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, METROPOLITAN CORRECTIONS CENTER – NEW YORK, MANDEEP SINGH, YOON KANG, AND CORRECTIONAL OFFICER TORRES,<br><br>    Defendants. | **REPORT AND RECOMMENDATION ON MOTION TO DISMISS**<br><br>**20-CV-7375 (VEC) (KHP)** |

**TO: THE HONORABLE VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE**
**FROM: THE HONORABLE KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Nikolay Levinson, a federal inmate proceeding *pro se*, commenced this action on September 10, 2020 against the United States, Federal Bureau of Prisons, Metropolitan Correctional Center New York, Physician Assistants Mandeep Singh ("Singh") and Yoon Kang ("Kang"), and Corrections Officer Torres ("Torres") (Singh, Kang, and Torres collectively, "Individual Defendants") alleging violations of the Federal Torts Claims Act ("FTCA"), *Bivens* claims, and common law negligence under state law. (Am. Compl., ECF No. 4.)

      Presently before this Court is Defendants' motion to dismiss the Complaint in part. Defendants seek dismissal of: (1) the Individual Defendants, Federal Bureau of Prisons, and Metropolitan Correctional Center ("MCC") New York from this action; and (2) all *Bivens* claims. If granted, the only remaining claim would be the FTCA claim alleging a state law negligence claim against the United States based on Plaintiff's injury to his foot. The Defendants also request that the United States be substituted as a party in place of Defendant "United States/[Federal] Bureau of Prisons/Metropolitan Correctional Center." For the reasons set

forth below, I recommend that Defendants' motion to dismiss be granted in its entirety.

## BACKGROUND[1]

### A. Factual Allegations

On May 17, 2019 at approximately 12:30 p.m., there was a "melee" in MCC Unit 5 North. (Am. Compl. at 4.) As Plaintiff moved away from the melee toward his cell in Tier 2, he allegedly slipped on liquid—possibly cleaning liquid—and fell down the stairs injuring his right foot. *Id.* According to Plaintiff, there were no caution signs placed by the wet floor area, and Defendant Torres failed to instruct inmate workers to place a "wet floor" sign. *Id.*

After being "locked in [their] cells" for "a few days" after the melee, Plaintiff was sent to the medical unit, where he saw Defendant Singh, a physician assistant. *Id.* Defendant Singh created an incident report and took him for an X-ray of his right foot, but the X-ray machine was broken. *Id.* Plaintiff alleges that Defendant Singh should have sent him to the hospital to obtain an X-ray at that time, but instead sent him back to his unit. *Id.* Plaintiff also asserts that Defendant Kang, another physician assistant, "saw the delay in X-ray and was suppose [sic] to take [him] to an orthopedic surgeon but failed to do so." *Id.* at 5.

About one month later, on June 20, 2019, an X-ray was finally taken of Plaintiff's right foot where he was diagnosed with a "non-displaced fracture at the base of 5th metatarsal bone on right foot, soft tissue swelling and metatarsus primus varus." *Id.* at 4-5. Plaintiff was given a boot cast to wear for three months and underwent several weeks of physical therapy. *Id.* at 5. Plaintiff asserts that his right foot healed with a "lump" because of the delay in his X-ray and treatment. *Id.* He asserts that he may need surgery to correct the "deflection" on his right

---

[1] The Court assumes Plaintiff's factual allegations to be true for purposes of this motion.

foot, and seeks $100,000 in compensatory damages. *Id.*

Plaintiff filed an administrative tort claim with the BOP regional office which was denied on December 30, 2019. Plaintiff moved for reconsideration on or about February 10, 2020. *Id.* On September 10, 2020, having received no response to his reconsideration request, Plaintiff instituted this federal action.

### B. The Parties' Positions to the Instant Motion

Defendants assert multiple arguments contending that each warrants dismissal of Plaintiff's claims. First, Defendants argue Plaintiff's *Bivens* claims must be dismissed for lack of subject matter jurisdiction, because the United States has not waived its sovereign immunity with respect to constitutional tort claims which also extends to its employees.[2] Second, they argue that Defendant Singh is a Public Health Service employee entitled to absolute immunity by statute. Third, they argue that all *Bivens* claims must be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act; (2) the *Bivens* remedy does not extend to Eighth Amendment claims predicated on a slip-and-fall incident; (3) Plaintiff failed to allege Defendant Torres' personal involvement; (4) the Complaint fails to sufficiently allege any violations of Plaintiff's Eighth Amendment rights; and (5) all Individual Defendants are entitled to qualified immunity in the absence of any constitutional violations. Fourth, they argue that Plaintiff's FTCA claims must be dismissed against all Individual Defendants and against the MCC because the United States is the only proper defendant in a FTCA action. They state the United States should be substituted as the

---

[2] A *Bivens* claim refers to a lawsuit for damages where a federal officer, acting under the color of federal authority, is alleged to have violated the Constitution. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

defendant in their place. Fifth and finally, they argue that any FTCA claims predicated on constitutional torts must be dismissed because the United States has not waived its sovereign immunity for those claims. (Def. Memo. of Law pg. 2, ECF No. 37.)

Defendants submitted three sworn declarations in support of its motion. (ECF Nos. 38-40.) First, Captain Melissa Hulett, who currently serves as Commissioned Corps Liaison, Recruitment and Staffing Section, Health Services Division, Federal Bureau of Prisons, declared that Defendant Singh was detailed to the MCC as a Certified Physician Assistant and was an active officer of the United States Public Health Service to support Defendants' assertion that he is entitled to absolute immunity. (ECF No. 38.) Second, Marc Peakes, a Legal Assistant at MCC, declared that Plaintiff filed no grievances under the Bureau of Prisons Administrative Remedy Program and failed to exhaust his administrative remedies as to his *Bivens* claims. (ECF No. 39.) Lastly, Assistant United States Attorney Carly Weinreb's declaration provides records referenced in the complaint including Plaintiff's administrative tort claim, the BOP's denial letter, and Plaintiff's request for reconsideration in support of Defendants' motion that Plaintiff did not exhaust administrative remedies for his *Bivens* claim. (ECF No. 40.)

In response, Plaintiff filed a two-page letter stating that his "*Bivens* claim under [§] 1983 should not be dismissed." (Pl. Reply Ltr., ECF No. 51.) Plaintiff rehashes the allegations in his complaint, namely that there was an unconstitutional delay in medical treatment which caused pain and took three months to heal. Plaintiff further notes that when he filed his claim with the Bureau of Prisons, "it was conjoined for FTCA and [§] 1983" and that he has witnesses to corroborate his allegations. Notably missing from Plaintiff's submission is any response or legal argument rebutting the bulk of Defendants' motion.

4

## DISCUSSION

### A. Legal Standard

Federal courts have the inherent power under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss claims in which it lacks subject matter jurisdiction. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *McIntosh v. United States*, 2018 WL 1275119, at *4 (S.D.N.Y. Mar. 7, 2018) (quoting *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison*, 547 F.3d at 170. On a Rule 12(b)(1) motion the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that jurisdiction exists, however all reasonable inferences are drawn in favor of the party asserting jurisdiction. *McIntosh*, 2018 WL 1275119, at 3-4.

When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). The court must determine whether the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, the complaint must contain more than mere "labels and conclusions or formulaic recitation of the elements of a cause of action." *Id.* It

5

must contain more than naked assertions devoid of "further factual enhancement." *Id.* As the United States Supreme Court explained in *Ashcroft*, the "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts must also construe a *pro se* plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (noting that in "review of the of the sufficiency of a *pro se* complaint . . . [courts] are constrained to conduct [their] examination with 'special solicitude'") (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010) ("the underlying justification for the solicitude ordinarily granted to *pro se* litigants is that it is necessary to prevent such parties, who generally lack legal training and experience, from inadvertently forfeiting important rights."). "However, the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedure and substantive law." *McIntosh*, 2018 WL 1275119, at *5 (citation and quotation marks omitted).

In ruling on Defendants' motion to dismiss, the Court may consider not only the complaint, but also "other documents related to plaintiff's claim, even if they are not attached to the complaint, so long as those documents are either incorporated by reference or are integral to and solely relied upon by the complaint." *Littlejohn*, 795 F.3d at 305 n.3 (internal quotation marks, alterations, and citation omitted). "[W]here [the] exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein" on a Rule 12(b)(6) motion. *Wickes v. Westfair Elec. Co.*, 2021 WL 217318, at *3 n.4 (S.D.N.Y.

Jan. 20, 2021) (quoting *Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, 2020 WL 2131771, at *2 (S.D.N.Y. May 4, 2020)). Additionally, "[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

Finally, when a motion to dismiss is granted, the usual practice is to dismiss the claims without prejudice and grant plaintiff leave to amend the complaint. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Application

#### i. *Sovereign Immunity*

Defendants assert that the Court lacks subject matter jurisdiction to adjudicate the *Bivens* claims against the United States and the Individual Defendants in their official capacities because the United States has not waived its sovereign immunity with respect to constitutional tort claims.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The waiver of sovereign immunity is a prerequisite to subject matter jurisdiction." *Presidential Gardens Assocs. v. U.S. ex rel. Sec. of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999) (internal citation omitted). Accordingly, "[t]o establish that subject matter jurisdiction exists for a suit, Plaintiff [bears the burden and] must identify an applicable waiver of the Government's sovereign immunity; otherwise, the

Court must dismiss the suit, pursuant to Rule 12(b)(1)." *De Masi v. Schumer*, 608 F. Supp. 2d 516, 524 (S.D.N.Y. 2009) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992)).

Under the FTCA, the United States has established a limited waiver allowing suit for specific circumstances. *McIntosh*, 2018 WL 1275119, at *6. Specifically, suits can be brought only for:

> money damages . . . loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). As such, the United States has not waived sovereign immunity for constitutional torts. *See F.D.I.C.*, 510 U.S. at 477-78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Furthermore, "[t]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." *Alston v. Sebelius*, 2014 WL 4374644, at *8 (E.D.N.Y. Sept. 2, 2014) (quoting *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994)). Accordingly, "*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States, and are barred by the doctrine of sovereign immunity." *Wright v. Condit*,

8

2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

Here, Plaintiff's one-page opposition fails to carry his burden to show that this Court maintains subject matter jurisdiction to adjudicate this claim. Additionally, given the body of case law, and construing all reasonable inferences in favor of the *pro se* Plaintiff, Plaintiff's submissions do not identify any explicit waiver of sovereign immunity by the United States. As to the Individual Defendants, Plaintiff also fails to allege that they were acting outside of their official capacities that would otherwise subject them to suit. *See, e.g.*, *Fiore v. Medina*, 2012 WL 4767143, at *9 (S.D.N.Y. Sept. 27, 2012) (dismissing plaintiff's *Bivens* claims against the Individual defendants in their official capacities for lack of subject matter jurisdiction "on sovereign immunity grounds"); *Doe v. Torres*, 2006 WL 290480, at *4 (S.D.N.Y. Feb. 8, 2006) (holding that "any *Bivens* claim must be dismissed with respect to the defendants in their official capacities"). Accordingly, Plaintiff has failed to show that the Government has waived sovereign immunity or that the Individual Defendants may otherwise be held liable.

As Defendants are entitled to sovereign immunity for the alleged constitutional torts (*Bivens* claims and under FTCA) and subject matter jurisdiction has not been established as a threshold matter, the Court does not reach Defendants' arguments related to absolute immunity, failure to exhaust administrative remedies, failure to sufficiently plead *Bivens* claims, and qualified immunity.[3] Accordingly, I respectfully recommend that Plaintiff's claims alleging

---

[3] The Court notes that Plaintiff's *Bivens* claims also fails because the failure to place a caution sign around a wet floor is not a deprivation of a constitutional right under the Eighth Amendment. *See McCray v. Lee*, 963 F.3d 110, 120-21 (2d Cir. 2020) (affirming dismissal of Eighth Amendment slip-and-fall claim because "the typical level of danger presented by a slippery sidewalk or a wet floor" does not implicate the constitution); *Martin v. City of New York.*, 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("Courts in this Circuit agree that bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation.*"); Edwards v. City of*

constitutional torts be dismissed.

### ii. FTCA Claims

Next, Defendants assert that FTCA claims cannot be maintained against government employees acting within the scope of their employment.

FTCA claims cannot be asserted against government employees concerning conduct within the scope of their employment. 28 U.S.C. § 2679(a), (d); *see also, Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991) (government employees are not proper defendants under the FTCA). The United States of America is the "only proper federal defendant in an FTCA suit." *Charles v. Potter*, 2008 WL 4499130, at *2 (S.D.N.Y. Oct. 7, 2008). Here, Plaintiff does not allege or otherwise contend that the Individual Defendants were acting outside the scope of their employment. Thus, the Individual Defendants are not subject to suit under the FTCA.

Additionally, "[a] federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope." *Page v. Oath Inc.*, 2018 WL 1406622, at *3 (S.D.N.Y. Mar. 20, 2018), *aff'd sub nom. Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019) (citing 28 U.S.C. § 2679(b)(1)). As the Bureau of Prisons and the Metropolitan Correctional Center are entities under the U.S. Department of Justice, a federal agency, they also are not proper defendants under the FTCA.

Accordingly, as Plaintiff has failed to state a claim for which relief can be granted as to the Individual Defendants, the Federal Bureau of Prisons, and the Metropolitan Correctional Center, I respectfully recommend that they be dismissed from this action. Furthermore, as the

---

*New York*, 2009 WL 2596595, at *2-3 (S.D.N.Y. Aug. 24, 2009) ("allegations of wet floor conditions that caused a prisoner to slip and fall – at most support a finding of simple negligence," not an Eighth Amendment violation, "even where . . . the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it.").

only proper Defendant in this action is the United States, I recommend it be substituted in place of Defendant United States of America, Federal Bureau of Prisons, Metropolitan Corrections Center – NY, and the caption be amended accordingly.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be granted in its entirety without prejudice, dismissing Defendants Federal Bureau of Prisons/Metropolitan Correctional Center, Mandeep Singh, Yoon Kang, and Corrections Officer Torres. I further recommend that Plaintiff's claims alleging constitutional torts be dismissed for lack of subject matter jurisdiction, leaving only the state law negligence claim against Defendant United States and the case caption amended accordingly.

**The Clerk of Court is respectfully requested to mail a copy of this report and recommendation to the Plaintiff.**

Dated: March 7, 2022
New York, New York

Respectfully Submitted,

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**
**Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P. 72(b)(2).**

**Plaintiff shall have seventeen days to serve and file any response. Defendants shall have fourteen days to serve and file any response. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of**

11

the Honorable Valerie E. Caproni at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Caproni. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).