UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/28/22____
```

NIKOLAY LEVINSON,

                              Plaintiff,

        -against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
METROPOLITAN CORRECTIONS
CENTER - NEW YORK, MANDEEP
SINGH, YOON KANG, AND
CORRECTIONAL OFFICER TORRES,

                              Defendants.

20-CV-7375 (VEC)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 10, 2020, Plaintiff Nikolay Levinson, proceeding *pro se*,

brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671 *et seq.*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and common law

negligence under New York law, asserting that, following a "melee" at the Metropolitan

Correctional Center ("MCC") where he was housed as a prisoner, he slipped on a wet floor and

received inadequate medical care for a resulting foot injury, *see generally* Compl., Dkt. 1;

WHEREAS on October 27, 2020, Plaintiff filed an Amended Complaint, *see* Am.

Compl., Dkt. 4;

WHEREAS on January 29, 2021, the Court referred the case to Magistrate Judge

Katharine Parker for general pretrial supervision and for the preparation of a Report and

Recommendation ("R&R") on any motions that arose, *see* Order of Reference, Dkt. 11;

WHEREAS on September 20, 2021, Defendants filed a motion to dismiss the Amended

Complaint except for claims against the individual Defendants and the MCC under the FTCA,

with those Defendants replaced by the United States as the sole defendant, *see* Not. of Mot., Dkt. 36; Defs. Mem., Dkt. 37 at 1–2;

WHEREAS Plaintiff opposed the motion, *see* Dkt. 51;

WHEREAS on March 7, 2022, Judge Parker issued an R&R recommending that Defendants' motion be granted in its entirety, R&R, Dkt. 58 at 1, 11;

WHEREAS Judge Parker agreed with Defendants that they are entitled to sovereign immunity for Plaintiff's constitutional tort claims and that Plaintiff's FTCA claims can proceed only against the United States, *see id.* at 9–11;

WHEREAS in the R&R, Judge Parker notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Plaintiff had 17 days to file written objections to the R&R's findings and Defendants had 14, with related response deadlines, *id.* at 11–12;

WHEREAS Judge Parker further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 12 (in bold font);

WHEREAS neither party filed objections;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the Court ADOPTS the R&R in full.  Defendants' motion is GRANTED in its entirety.  All claims are hereby DISMISSED with prejudice, except for Plaintiff's state law tort claims pursuant to the FTCA, for which the United States is the only proper defendant and should be substituted in place of all other defendants.[1]

Because the R&R gave the parties adequate warning, *see* R&R at 28, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate Defendants Mandeep Singh; Correction Officer Torres; Yoon Kang; and combined Defendant United States of America, Federal Bureau of Prisons, Metropolitan Corrections Center – NY. The Clerk of Court is respectfully directed to substitute Defendant United States of America in

---

[1]     Although Judge Parker recommended that Defendants' motion be granted "without prejudice", *see* R&R at 11, the Court construes this as a typographical error in light of Judge Parker's discussion of when leave to amend is appropriate, *id.* at 7.  As Judge Parker notes, leave to amend should not be granted in the face of "futility", and granting leave to amend in this case would be futile.  *Id.* at 7 (citation omitted).  If this was not a typographical error, the Court disagrees with that portion of Judge Parker's recommendation and dismisses the relevant claims with prejudice.

place of Defendant United States of America, Federal Bureau of Prisons, Metropolitan

Corrections Center – NY.

       IT IS FURTHER ORDERED that Clerk of Court is respectfully directed to terminate the

open motion at Docket 36.  The Clerk is further directed to mail a copy of this Order to the *pro*

*se* Plaintiff and to note the mailing on the docket.


**SO ORDERED.**


**Date:**  **March 28, 2022**
        **New York, New York**                                       **VALERIE CAPRONI**
                                               **United States District Judge**